**PUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

STEPHEN M. ALSTON, JR.,
Plaintiff-Appellant,

v.

MCI COMMUNICATIONS CORPORATION;
MCI SERVICES MARKETING,
INCORPORATED; MCI SALES,                No. 95-1722
INCORPORATED,
Defendants-Appellees,

and

ALAN S. MILLER,
Party in Interest.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
M. J. Garbis, District Judge.
(CA-94-695-MJG)

Argued: April 5, 1996

Decided: May 28, 1996

Before RUSSELL and MOTZ, Circuit Judges, and LAY,
Senior Circuit Judge of the United States Court of Appeals
for the Eighth Circuit, sitting by designation.

_____

Dismissed by published opinion. Senior Judge Lay wrote the opinion,
in which Judge Russell and Judge Motz joined.

_____

**COUNSEL**

**ARGUED:** Meldon Stonewall Hollis, Jr., HOLLIS & ASSOCIATES, P.A., Baltimore, Maryland, for Appellant. Alexander Neal Barkus, HUNTON & WILLIAMS, Washington, D.C., for Appellee. **ON BRIEF:** Joanne Ochsman, MCI COMMUNICATIONS CORPORA-TION, Washington, D.C., for Appellee.

_____

**OPINION**

LAY, Senior Circuit Judge:

Steven M. Alston, an African-American male, appeals from the grant of summary judgment in favor of MCI Telecommunications, Inc. ("MCI") on his allegation that MCI racially discriminated against him when it terminated him in violation of 42 U.S.C.§ 2000e-2(a) and 42 U.S.C. § 1981. The district court granted summary judgment to MCI on the basis that Alston failed to produce any direct or cir-cumstantial evidence that would provide a material issue of fact relat-ing to his claim of racial discrimination. We find this court lacks jurisdiction to review the merits asserted on appeal because the plain-tiff failed to file a timely notice of appeal. We therefore dismiss the appeal for lack of jurisdiction.

JURISDICTION

The district court entered judgment for the defendant on December 30, 1994. On January 12, 1995, Alston moved to extend the period of time to file a motion to alter or amend the judgment. On January 13, 1995, the district court granted Alston's motion, extending the period to January 23, 1995. Alston filed his motion to alter or amend the judgment, under Rule 59(e) of the Federal Rules of Civil Proce-dure, on January 24, 1995. The district court denied this motion on the merits on February 16, 1995. Alston filed his notice of appeal on March 17, 1995.

Under the Federal Rules of Appellate Procedure, a party must file a notice of appeal with the district court clerk"within 30 days after the date of entry of the judgment or order appealed from[.]" Fed. R. App. P. 4(a)(1). This time limitation is "`mandatory and jurisdic-tional.'" Browder v. Director, Dep't of Corrections, 434 U.S. 257,

2

264 (1978) (quoting <u>United States v. Robinson</u>, 361 U.S. 220, 229 (1960)). The thirty-day time period is deferred, however, if the party makes a "timely motion" under Rule 59(e) or other specified rules. <u>See</u> Fed. R. App. P. 4(a)(4). The thirty-day period may also be extended by the district court up to an additional thirty days if the party properly requests an extension of time from the district court "upon a showing of excusable neglect or good cause[.]" Fed. R. App. P. 4(a)(5).**1**

A Rule 59(e) motion to alter or amend the judgment "shall be served not later than 10 days after entry of the judgment." Fed. R. Civ. P. 59(e) (1995).**2** Under the Federal Rules of Civil Procedure, the ten-day time period does not include Saturdays, Sundays, or legal holidays. Fed. R. Civ. P. 6(a). Thus, in order to file a timely Rule 59(e) motion, Alston was required to file his motion by January 17, 1995.**3** However, Alston failed to do so, <u>presumably</u> because the district court, on January 13, 1995, granted him an extension of time to file his Rule 59(e) motion to alter or amend the judgment until January 23, 1995.

It is clear, however, that the district court was without power to enlarge the time period for filing a Rule 59(e) motion. <u>See</u> Fed. R. Civ. P. 6(b) ("[The district court] may not extend the time for taking any action under Rules 50(b) and (c)(2), 52(b), 59(b), (d) and (e), 60(b), and 74(a), except to the extent and under the conditions stated in them."). Thus, the district court's order extending the time to file the motion to alter or amend the judgment was not authorized under

---

**1** Alston did not make a motion for an extension of time to file his appeal under Fed. R. App. P. 4(a)(5).

**2** Rule 59(e) was amended December 1, 1995, to require a motion to "be filed no later than 10 days after entry of the judgment." Nothing in the record suggests Alston's motion was served on any day other than the day on which it was filed, and thus this change is not relevant to this appeal.

**3** The district court entered judgment on December 30, 1994, a Friday. Alston's ten-day period did not include six weekend days (December 31, January 1, January 7, January 8, January 14, and January 15) or two legal holidays (January 2 and January 16). The ten-day period for Alston to file his motion thus expired on January 17, 1995. <u>See</u> Fed. R. Civ. P. 6(a).

the Federal Rules of Civil Procedure. The thirty-day time period for filing the notice of appeal could not be deferred on the basis of the district court's order or Alston's belated Rule 59(e) motion. See Fed. R. App. P. 4(a)(4). As a result, Alston was required to file his notice of appeal within thirty days of December 30, 1994 to obtain appellate jurisdiction, but did not do so until March 17, 1995. Under the plain language of the rules, we lack jurisdiction to hear Alston's appeal.

The Supreme Court has recognized, however, a limited"unique circumstances" exception to this jurisdictional bar that allows a court of appeals to hear an untimely appeal "where a party has performed an act which, if properly done, would postpone the deadline for filing his appeal and has received specific assurance by a judicial officer that this act has been properly done." See Osterneck v. Ernst & Whinney, 489 U.S. 169, 178, 179 (1989) (construing the rule of Thompson v. INS, 375 U.S. 384 (1964)); cf. Myers v. Stephenson, 748 F.2d 202, 205 (4th Cir. 1984) (a failure to make a timely motion for an extension of time under Fed. R. App. P. 4(a)(5) does not necessarily bar appellate jurisdiction if the appellant failed to file a timely motion for an extension of time because the district court, sua sponte, incorrectly treated his otherwise belated notice of appeal as a motion for an extension of time, and granted the motion).[4] We reject the application of the "unique circumstances" doctrine in this case. Alston does not make a showing that he relied on an affirmative assurance by the district court that his Rule 59(e) motion was sufficiently timely to preserve his appeal. Alston missed the district court's extended deadline for filing a Rule 59(e) motion by one day, and thus should have been aware that his Rule 59(e) motion was not timely even within the terms of the district court's order. In these circumstances, we lack appellate jurisdiction and thus dismiss the appeal.

APPEAL DISMISSED FOR LACK OF JURISDICTION
_____

[4] At least two circuits have questioned the ongoing vitality of the "unique circumstances" doctrine. See, e.g., Pinion v. Dow Chem., U.S.A., 928 F.2d 1522, 1529-30 (11th Cir.), cert. denied, 502 U.S. 968 (1991); Kraus v. Consolidated Rail Corp., 899 F.2d 1360, 1363 (3d Cir. 1990).

4