**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

SAMUEL ALLAN MOODY,
          *Petitioner-Appellant,*

v.

GARY MAYNARD, Commissioner of
South Carolina District Court;
STATE OF SOUTH CAROLINA; CHARLES
CONDON, Attorney General of the
State of South Carolina,
          *Respondents-Appellees.*

No. 03-6650

In re: SAMUEL ALLAN MOODY,
          *Movant.*

No. 03-206

Appeal from the United States District Court
for the District of South Carolina, at Anderson.
Cameron McGowan Currie, District Judge.
(CA-01-3919-8-22-BI)

Argued: May 7, 2004

Decided: July 16, 2004

Before NIEMEYER, MICHAEL, and TRAXLER, Circuit Judges.

---

No. 03-6650 dismissed; No. 03-206 denied by unpublished per
curiam opinion.

---

**COUNSEL**

**ARGUED:** Neal Lawrence Walters, Charlottesville, Virginia, for Appellant. Samuel Creighton Waters, Assistant Attorney General, OFFICE OF THE ATTORNEY GENERAL OF SOUTH CAROLINA, Columbia, South Carolina, for Appellees. **ON BRIEF:** Henry Dargan McMaster, Attorney General, John W. McIntosh, Chief Deputy Attorney General, Donald J. Zelenka, Assistant Deputy Attorney General, Columbia, South Carolina, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Samuel Allan Moody appeals an order of the district court denying his *pro se* application for habeas corpus relief, *see* 28 U.S.C.A. § 2254 (West 1994 & Supp. 2004), and the district court's subsequent order denying his *pro se* "motion for rehearing." Moody also seeks permission, via *pro se* motion in this court, to file a successive application for habeas relief. *See* 28 U.S.C.A. § 2244(b) (West Supp. 2003).

We dismiss Moody's appeal of the order denying habeas relief for lack of appellate jurisdiction. We decline to issue Moody a certificate of appealability to appeal the denial of his motion for rehearing, and dismiss that portion of his appeal as well. Finally, we deny the motion seeking authorization to file a successive habeas application.

I.

Moody pled guilty in South Carolina state court to numerous charges, including second-degree burglary, larceny, malicious injury to personal property, felony DUI, and multiple counts of safecracking.

Moody received a 15-year prison sentence, which consisted of multiple concurrent sentences. Moody did not directly appeal his convictions or sentence.

In February 1998, Moody filed a *pro se* action for post-conviction relief ("PCR") in state court, contending that his guilty plea was not voluntary because the state judge misstated during sentencing the law regarding the percentage of Moody's prison term that he would be required to serve, that he was not sentenced in accordance with an alleged plea agreement, and that his attorney provided ineffective assistance of counsel by failing to correct the foregoing and other problems. Following an evidentiary hearing at which the prosecutor and Moody's own trial counsel denied the existence of a plea agreement and Moody admitted having decided to plead guilty before the alleged misstatement was made and even before sentencing occurred, the PCR court denied relief and dismissed Moody's petition. Moody unsuccessfully appealed the denial of PCR relief to the South Carolina Court of Appeals, and the Supreme Court of South Carolina denied Moody's subsequent petition for certiorari review of the PCR denial.

On October 5, 2001, Moody filed in district court this *pro se* application for habeas relief under section 2254. Moody's federal habeas application raised three claims for relief: 1) that his guilty plea was involuntary because the sentencing judge misstated the percentage of the sentence he would serve; 2) that he received ineffective assistance of counsel because his lawyer failed to correct the sentencing judge's purported misstatement or object to the failure of either the government or the sentencing court to abide by the terms of the plea agreement; and 3) that the prosecutors failed to correct the sentencing judge's misstatement regarding the percentage of the sentence that Moody would be required to serve. The State moved for summary judgment.

On April 18, 2002, Moody filed what purported to be a second *pro se* habeas application, including new assertions that his conviction resulted from a "coerced confession," that counsel failed to object to the "stacking" of charges, and that counsel did not advise him of the right to appeal his conviction. The district court construed this filing as a response to the State's summary judgment motion and essentially

permitted Moody to amend his habeas application to include these claims.

The district court granted the State's motion for summary judgment and dismissed Moody's application. On Moody's claim that his guilty plea was involuntary because the sentencing judge misinformed him about the percentage of his sentence that the law required him to serve, the court adopted the magistrate judge's finding that there was no evidence that Moody relied on any statement by the sentencing court in deciding to plead guilty. In fact, Moody testified at his state PCR hearing that he had already made the decision to plead guilty before the sentencing judge made the statement about which Moody complains.* With respect to Moody's ineffective assistance claim, the district court denied it on the merits, concluding that the PCR court did not clearly err in its decision to credit over Moody's contrary assertion the testimony of Moody's attorney, the prosecutor, and law enforcement officers that there was no plea agreement. Finally, the district court concluded that Moody's claim based on the State's alleged failure to correct statements by the sentencing judge was procedurally barred.

As for the claims Moody was permitted to assert in his response to the State's motion for summary judgment, the district court concluded that Moody was procedurally barred from raising all but the claim that his attorney provided ineffective assistance by failing to advise him of his right to appeal his convictions. Relying on the PCR court's finding that Moody "'failed to show that the outcome of his trial would have been different but for the alleged deficient performance of his counsel,'" J.A. 56, the district court denied relief on that claim as well. On December 2, 2002, the district court entered an order granting summary judgment to the State on Moody's habeas application.

On January 6, 2003, Moody filed a "motion for rehearing" in which he simply reasserted various factual allegations underlying his ineffective assistance claim and his claim that his guilty plea was not vol-

---

*Moody reiterated this position in his federal pleadings, stating that he "decided to plead guilty in Jan. 97" but "didn't go to court until April 97." J.A. 63.

untary. Moody did not challenge the district court's conclusion that a number of his claims were procedurally barred, nor did he challenge the denial of his claim that his attorney rendered ineffective assistance by failing to explain the right to appeal. Although, as Moody concedes, the motion was untimely under Rule 59(e) of the Federal Rules of Civil Procedure, the district court construed it as a Rule 59(e) motion to alter or amend the judgment. On March 27, 2003, the court denied the motion because Moody failed to identify any newly discovered evidence, intervening changes in the law, or grounds demonstrating that the judgment would result in manifest injustice.

On April 14, 2003, Moody filed a Notice of Appeal from the district court's December 2, 2002, order denying relief under section 2254, as well as the district court's March 27, 2003, order denying Moody's "motion for rehearing." The appeal was docketed as case number 03-6650.

On June 30, 2003, with the appeal in case 03-6650 pending, Moody filed in this court a *pro se* motion for authorization to file a second or successive section 2254 application. In it, he raises a jumble of claims, some old and some new. Moody's motion for authorization to file a successive habeas application was docketed as case number 03-206. The cases then were consolidated.

## II.

A.   Appeal of the December 2, 2002, Order Denying the Habeas Application

On December 2, 2002, the district court entered its order granting summary judgment to the State on all of the claims asserted in Moody's application for relief under section 2254. Moody had thirty days to file the Notice of Appeal. *See* Fed. R. App. P. 4(a). Moody filed his Notice of Appeal on April 2, 2003, well beyond the 30-day deadline.

On December 13, Moody submitted, in the form of a letter, a request for an extension of time in which to file the notice of appeal. Rule 4(a)(5) permits a district court, upon the appellant's motion, to

extend the time for filing the Notice of Appeal, provided the motion for extension of time is filed no later than 30 days after the expiration of the original 30 day period for filing the Notice of Appeal. *See* Fed. R. App. P. 4(a)(5)(A)(i). The district court, for good cause or excusable neglect, may grant a maximum of 30 additional days. *See* Fed. R. App. P. 4(a)(5)(C). Moody's request was timely, but the district court never ruled on the request, effectively denying it because the mere *filing* of a motion for an extension does not operate to extend or toll the 30-day period for filing the Notice of Appeal.

Potentially, Moody could have preserved his appeal of the underlying order through Appellate Rule 4(a)(4), which tolls the running of the thirty-day period until after the disposition of a "*timely file[d]*" post-judgment motion under Rule 59(e) of the Federal Rules of Civil Procedure. Fed. R. App. P. 4(a)(4)(A) (emphasis added). To be timely, a Rule 59(e) motion must be filed within ten days of entry of the judgment. Although Moody filed a "motion for rehearing on report of Summary Judgment," J.A. 59, which the district court construed as a Rule 59(e) motion to alter or amend the judgment, he did not do so until December 31, 2002. Because only a *timely* Rule 59(e) motion tolls the running of the 30-day period for filing a Notice of Appeal, the exception created by Appellate Rule 4(a)(4) was unavailable to Moody when he filed his motion outside of the mandatory 10-day period prescribed by Rule 59(e). *See Alston v. MCI Communications Corp.*, 84 F.3d 705, 706 (4th Cir. 1996); *accord Garcia-Velquez v. Frito Lay Snacks Caribbean*, 358 F.3d 6, 8 (1st Cir. 2004). The fact that the district court addressed Moody's motion on the merits did not cure the untimeliness of the motion because a district court lacks authority to extend the ten-day time limit of Rule 59(e) for tolling purposes under Appellate Rule 4(a)(4)(A). *See Alston*, 84 F.3d at 706 ("The thirty-day time period for filing the notice of appeal could not be deferred on the basis of the district court's order [permitting] Alston[ ] [to file a] belated Rule 59(e) motion."). Moody's motion, therefore, is more properly viewed as one for relief from a judgment under Rule 60(b) of the Federal Rules of Civil Procedure, which may be filed within a year from the entry of the order sought to be appealed. *See United States v. Winestock*, 340 F.3d 200, 203 (4th Cir.) (treating habeas applicant's "Motion for Reconsideration, or in the Alternative, Motion for Certificate of Appealability" as a Rule 60(b) motion because it "was filed more than ten days after the entry of judgment"),

*cert. denied*, 124 S. Ct. 496 (2003); *Small v. Hunt*, 98 F.3d 789, 797 (4th Cir. 1996). Accordingly, to the extent that Moody appeals the district court's December 2, 2002, order denying Moody's application for habeas relief under section 2254, we lack jurisdiction and dismiss his appeal.

B. Appeal of the March 27, 2003, Order Denying the Motion for Rehearing

The Notice of Appeal also refers specifically to the district court's March 27, 2003, order denying Moody's motion for rehearing, which we view as a motion for relief under Rule 60(b). With respect to this order, the Notice of Appeal was timely and, therefore, Rule 4 of the Federal Rules of Appellate Procedure poses no jurisdictional impediment to appellate review.

The timely filing of Moody's Notice of Appeal with respect to the denial of his motion for rehearing permits us to consider two additional preliminary questions. One is whether Moody's "motion for rehearing," which rehashed claims raised in the initial habeas application, was, in fact, a successive habeas application for which pre-filing authorization was required from this court. *See* 28 U.S.C.A. § 2244(b)(3). The other is whether we should issue a Certificate of Appealability ("COA") to Moody, allowing him to obtain review of the denial of his motion for rehearing. See 28 U.S.C.A. § 2253(c)(1)(A) (West Supp. 2003).

The answer to the first question may be more readily apparent than the answer to the second. Because Moody merely used his motion for rehearing to repeat the same factual bases for the claims he asserted in his section 2254 application, his motion appears to assert successive claims for habeas relief. In *Winestock*, after first determining that the applicant's motion for reconsideration should be viewed as a Rule 60(b) motion because it did not comply with the 10-day time limit under Rule 59(e), we held that "district courts *must* treat Rule 60(b) motions as successive collateral review applications when failing to do so would allow the applicant to 'evade the bar against relitigation of claims presented in a prior application.'" 340 F.3d at 206 (quoting *Calderon v. Thompson*, 523 U.S. 538, 553 (1998)). *Winestock* instructs that "a motion directly attacking the prisoner's conviction or

sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider." *Id.* at 207. Moody's motion for rehearing clearly and directly attacks his conviction rather than some defect in process that would be cognizable under an authentic Rule 60(b) motion. Thus, Moody's motion for rehearing almost certainly contains successive habeas claims for which pre-filing authorization was not obtained, *see* 28 U.S.C.A. § 2244(b)(3), stripping the district court of jurisdiction to rule on the motion.

Nevertheless, before we can consider the district court's jurisdiction, we must ensure that we ourselves have jurisdiction to review the proceedings below. Absent the issuance of a COA, a habeas applicant may not appeal from a district court's "final order in a habeas corpus proceeding" under section 2254. *See* 28 U.S.C.A. § 2253(c)(1)(A). As noted previously, because Moody's motion was filed more than 10 days from the entry of judgment, we view it as a motion for relief under Rule 60(b). *See Winestock*, 340 F.3d at 203; *Alston*, 84 F.3d at 706. Our recent decision in *Reid v. Angelone*, 369 F.3d 363 (4th Cir. 2004), established that the COA requirement set forth in section 2253(c) applies to the appeal of an order denying a Rule 60(b) motion that, in turn, seeks relief from the underlying denial of a habeas application. *See id.* at 369. In *Reid*, we granted a COA on one of the issues raised in the prisoner's Rule 60(b) motion, but then held that the motion was, in effect, a successive habeas application over which the district court had no jurisdiction. *See id.* at 374-75. We explained that "we may not forgo the COA inquiry altogether, as there is no exemption in § 2253(c) for questions of subject-matter jurisdiction" and that "we are bound in all cases to ascertain our own appellate jurisdiction before reviewing a district court judgment." *Id.* at 374 n.7. Thus, even when we are presented with an appeal raising a claim that is recharacterized under *Winestock* and subject to dismissal as a successive habeas claim — as is likely the case here — the proper analytical progression requires us first to decide whether to issue a COA.

We now turn to the question of whether Moody is entitled to a COA for the denial of his Rule 60(b) motion. Section 2253(c) allows the issuance of a COA only when the petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C.A.

§ 2253(c)(2). The statute "requires an overview of the claims in the habeas petition and a general assessment of their merits," rather than "full consideration of the factual or legal bases adduced in support of the claims." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). When the district court rejects the constitutional claim at issue on the merits, "the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When the district court dismisses the claim on procedural grounds, the petitioner is entitled to a COA only if "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In determining whether the petitioner's claims satisfy the requirements of section 2253(c), we must begin by identifying the claims advanced by Moody in his Rule 60(b) motion. Moody's motion consisted of a long list of what he considered factual errors by the district court in its disposition of his claims. Moody did not challenge the district court's conclusion that some of the claims were procedurally barred, and he did not challenge the denial of his ineffective assistance claim to the extent that it was based on the allegation that his lawyer failed to explain that he could directly appeal his convictions. Accordingly, Moody's motion really pursues only two of his original claims: 1) that his guilty plea was not knowingly, intelligently, or voluntarily made because the state judge misstated the percentage of his sentence he would be required to serve; and 2) that he received ineffective assistance of counsel in that his attorney failed to properly advise him about the amount of time he would serve and failed to raise the government's breach of the plea agreement during sentencing.

With respect to these claims, Moody has failed to demonstrate in any way "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484. Accordingly, we conclude that Moody has failed to make a substantial showing of the denial of a constitutional right as regards either of the claims raised in Moody's motion for rehearing, and we deny a certificate of appealability in 03-6650.

### III.

Finally, we must determine whether or not to grant Moody's motion for authorization to file a successive habeas application, No. 03-206, which he filed on June 30, 2003, pursuant to section 2244. This motion, which was filed *pro se*, raised two claims. First, Moody again raised an ineffective assistance of counsel claim, contending among other things that his lack of adequate representation caused Moody's guilty plea not to be knowing or voluntary. Second, Moody contended that the parole eligibility requirements imposed by South Carolina law are unconstitutional.

We may "authorize the filing of a second or successive application only if . . . the application makes a prima facie showing that the application satisfies the requirements of [28 U.S.C.A. § 2244(b)]." 28 U.S.C.A. § 2244(b)(3)(c). Section 2244(b) requires Moody to show that his successive claims rely upon "a new rule of constitutional law" that was "previously unavailable," 28 U.S.C.A. § 2244(b)(2)(A), or a "factual predicate" that "could not have been discovered previously through the exercise of due diligence," 28 U.S.C.A. § 2244(b)(2)(B)(i). We must consider each of the claims raised in the proposed successive application and, if any single claim in the proposed application meets the statutory requirements, the entire application may be filed. *See In re Williams*, 330 F.3d 277, 281 (4th Cir. 2003).

Moody's ineffective assistance claim is predicated primarily upon identical factual bases recycled from his initial habeas application, and therefore fails to pass muster. Under section 2244(b)(1), "[a] claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." To the extent the ineffective assistance claim relies upon different factual bases than previously asserted, Moody fails to make the required prima facie showing of merit under section 2244(b).

Moody's claim that South Carolina's statutory provisions relating to parole eligibility offend his rights under various constitutional guarantees is a claim he raises for the first time. Precisely what Moody is claiming is far from clear, although the lack of precision is understandable given the *pro se* nature of his motion for authorization. The heart of his claim is that two South Carolina parole statutes

— S.C. Code Ann. §§ 16-1-60 and 24-21-640 — abridge his rights under the Ex Post Facto Clause, deprive him of due process, and constitute cruel and unusual punishment as applied to him. Moody's claim, charitably construed, challenges the execution of the sentence as well as the sentence itself. To the extent Moody challenges the original imposition of his sentence based on these statutes, the claim is clearly subject to the limits imposed by section 2244(b)(2)(A) upon successive habeas claims. And, Moody has failed to demonstrate that this claim relies upon "a new rule of constitutional law" that was "previously unavailable," 28 U.S.C.A. § 2244(b)(2)(A), or a "factual predicate" that "could not have been discovered previously through the exercise of due diligence," 28 U.S.C.A. § 2244(b)(2)(B)(i).

To the extent Moody is challenging the execution or administration of his sentence, we have acknowledged that there is authority to the effect that "a § 2254 petition challenging decisions relating to the execution of the judgment does not amount to a successive application if the prisoner filed his previous § 2254 petition before those decisions were made and challenged only the underlying criminal judgment." *Winestock*, 340 F.3d at 205 n.4. Where, however, a prisoner knows "all of the facts necessary to raise his [attack on the execution of his sentence] *before* . . . fil[ing] his initial federal petition," such a claim is successive and subject to the limits imposed by section 2244(b). *See Crone v. Cockrell*, 324 F.3d 833, 837 (5th Cir.) (emphasis added), *cert. denied*, 124 S. Ct. 287 (2003); *cf. James v. Walsh*, 308 F.3d 162, 168 (2nd Cir. 2002) (concluding prisoner's § 2254 application challenging his release date based on credit for time served was not successive because he "could not have argued that he was in custody in violation of laws of the United States before the time when, according to his calculations, he should have been released").

Here, Moody's challenge to the execution of his sentence is not based on any factual premise that was not in existence when he filed his initial federal habeas application. Accordingly, Moody's claim is successive and subject to our review under the gatekeeping requirements of section 2244(b), which he fails to satisfy. We therefore decline to grant authorization for Moody to file his successive habeas claims.

## IV.

For the foregoing reasons, we dismiss Moody's appeal and deny his motion for authorization to file a successive habeas application.

No. 03-6650 *DISMISSED*
No. 03-206 *DENIED*