**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-6900

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ANTHONY MAURICE LYNCH,

Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Elkins. Frederick P. Stamp, Jr., District Judge. (CR-00-7; CA-03-61-2)

Submitted: October 28, 2005          Decided: November 15, 2005

Before WILLIAMS and MICHAEL, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

Anthony Maurice Lynch, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Anthony Maurice Lynch seeks to appeal the district court's orders accepting the recommendation of the magistrate judge and denying relief on his 28 U.S.C. § 2255 motion, dismissing as successive his Fed. R. Civ. P. 60(b) motion for reconsideration of the court's order denying relief on his 28 U.S.C. § 2255 (2000) motion, and denying as moot his motion to amend his Rule 60(b) motion.* The orders are not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2000); Reid v. Angelone, 369 F.3d 363, 369 (4th Cir. 2004). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that the district court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural rulings by the district court are also debatable or wrong. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001).

---

*Because Lynch's Rule 60(b) motion to set aside the denial of his § 2255 motion was not filed within ten days of the district court's judgment as required by Fed. R. Civ. P. 59(e), the time for appealing that order expired before he filed his notice of appeal on May 23, 2005, and only the denial of his Rule 60(b) motion and motion to amend was preserved for appeal. See Alston v. MCI Communications Corp., 84 F.3d 705, 706 (4th Cir. 1996) (only a timely Rule 59(e) motion tolls time period for filing notice of appeal); Fed. R. App. P. 4(a)(4)(A)(iv)-(vi).

We have independently reviewed the record and conclude that Lynch has not made the requisite showing. Accordingly, we deny a certificate of appealability and dismiss the appeal.

Additionally, we construe Lynch's notice of appeal and informal brief as an application to file a second or successive motion under 28 U.S.C. § 2255. United States v. Winestock, 340 F.3d 200, 208 (4th Cir. 2003). In order to obtain authorization to file a successive § 2255 motion, a prisoner must assert claims based on either: (1) a new rule of constitutional law, previously unavailable, made retroactive by the Supreme Court to cases on collateral review; or (2) newly discovered evidence, not previously discoverable by due diligence, that would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the movant guilty of the offense. 28 U.S.C. §§ 2244(b)(2), 2255 (2000). Lynch's claims do not satisfy either of these criteria. See In re Vial, 115 F.3d 1192, 1198 (4th Cir. 1997) (en banc) (holding that "'newly discovered evidence' exception to the bar on second and successive § 2255 proceedings . . . applies only to challenges to the underlying conviction; it is not available to assert sentencing error."). Therefore, we deny authorization to file a successive § 2255 motion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

- 3 -