**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 05-1870**

_____

SEGRAVE AVIATION, INCORPORATED; M&F AIR,
INCORPORATED,

                                        Plaintiffs - Appellees,

        versus

PRATT & WHITNEY CANADA CORPORATION,

                                        Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern
District of North Carolina, at New Bern.  Malcolm J. Howard, Senior
District Judge.  (4:01-cv-00161)

_____

Submitted:   May 9, 2007            Decided:  July 9, 2007

_____

Before KING, GREGORY, and SHEDD, Circuit Judges.

_____

Dismissed by unpublished per curiam opinion.

_____

Larry I. Moore, III, YOUNCE, MOORE & MOSELEY, LLP, Greensboro, North
Carolina, for Appellant.  Edgar Wyles Johnson, Jr., Thomas J. White,
III, WHITE & ALLEN, PA, Kinston, North Carolina, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pratt & Whitney Canada Corporation ("PWCC") seeks to appeal the district court's orders denying in part its motion for summary judgment and denying its motion for partial reconsideration. We dismiss the appeal from the March 30, 2005, order denying in part the motion for summary judgment for lack of jurisdiction because the notice of appeal was not timely filed. We also grant Segrave Aviation, Incorporated and M & F Air, Incorporated's (collectively "Segrave") motion to dismiss the appeal from the July 14, 2005, order denying PWCC's motion for partial reconsideration.

Parties are accorded thirty days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6). This appeal period is "mandatory and jurisdictional." <u>Browder v. Dir., Dep't of Corr.</u>, 434 U.S. 257, 264 (1978) (quoting <u>United States v. Robinson</u>, 361 U.S. 220, 229 (1960)).

The district court's order was entered on the docket on March 30, 2005. The notice of appeal was filed on July 28, 2005. Because PWCC failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss the appeal. The district court's order granting an extension of time to file a Rule 59(e) motion beyond the ten-day period did not defer

- 2 -

the commencement of the appeal period. See Alston v. MCI Communications Corp., 84 F.3d 705 (4th Cir. 1996). Nor did the July 28, 2005, order denying Segrave's motion for reconsideration by amending the March 30 order start the appeal period anew. The amendment did not materially alter the March 30 order.

Although the notice of appeal from the July 14, 2005, order denying PWCC's motion for partial reconsideration was timely, we must dismiss the appeal for lack of jurisdiction. We may exercise jurisdiction only over final orders, 28 U.S.C. § 1291 (2000), and certain interlocutory and collateral orders, 28 U.S.C. § 1292 (2000); Fed. R. Civ. P. 54(b); Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541 (1949). The July 14 order PWCC seeks to appeal is neither a final order nor an appealable interlocutory or collateral order. Accordingly, we grant Segrave's motion to dismiss the appeal as to that order. We deny as moot that part of the motion seeking to dismiss the appeal from the March 30 order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

- 3 -