**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-6767**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

        v.

DARREN ANTONIO GRIFFIN,

             Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Elizabeth City.   Terrence W. Boyle, District Judge.  (2:05-cr-00013-BO-1; 2:07-cv-00049-BO)

Submitted:  September 23, 2010       Decided:  October 7, 2010

Before WILKINSON, NIEMEYER, and MOTZ, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Darren Antonio Griffin, Appellant Pro Se.   Steve R. Matheny, Robert Edward Skiver, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Darren Griffin seeks to appeal the district court's order denying his motion to alter or amend the district court's order denying relief on his 28 U.S.C.A. § 2255 (West Supp. 2010) motion to vacate his sentence. For the reasons discussed below, we will deny a certificate of appealability and dismiss.

The order Griffin seeks to appeal is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2006); Reid v. Angelone, 369 F.3d 363, 369 (4th Cir. 2004). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2006). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. Slack v. McDaniel, 529 U.S. 473, 484 (2000); see Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the motion states a debatable claim of the denial of a constitutional right. Slack, 529 U.S. at 484-85.

We note first that the district court erred in construing Griffin's motion to reconsider as one arising under

2

Fed. R. Civ. P. 59(e), when it was filed nearly a year after the Rule's deadline. "A motion to alter or amend a judgment must be filed no later than 10 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Though Griffin did move for, and was granted, an extension of time in which to file his motion, the district court was without power to enlarge the time for filing a Rule 59(e) motion. See Panhorst v. United States, 241 F.3d 367, 370 (4th Cir. 2001); Alston v. MCI Commc'ns Corp., 84 F.3d 705, 706 (4th Cir. 1996); Fed. R. Civ. P. 6(b) ("[The district court] may not extend the time for taking any action under Rules 50(b) and (c)(2), 52(b), 59(b), (d) and (e), 60(b), and 74(a), except to the extent and under the conditions stated in them."). Thus, the district court's order granting Griffin's motion to file a Rule 59(e) motion out of time was not authorized under the Federal Rules of Civil Procedure.

The district court should have construed Griffin's motion as a Fed. R. Civ. P. 60(b) motion. See In re Burnley, 988 F.2d 1, 2-3 (4th Cir. 1992) (if motion for reconsideration is filed outside ten-day period set forth in Rule 59(e), motion should be treated as Rule 60(b) motion). In addition, because the motion only attacked the merits of the underlying order, rather than a defect in the § 2255 proceeding, the reconsideration motion should have been construed as an unauthorized second or successive § 2255 motion and dismissed on

3

that basis.[*] See United States v. Winestock, 340 F.3d 200, 206 (4th Cir. 2003). On appeal, Griffin only seeks review of the underlying merits of his § 2255 motion. Because the district court was without authority to consider his motions to reconsider, however, we may not now review the merits of the underlying order dismissing Griffin's § 2255 motion.

Accordingly, we conclude that Griffin has not made a substantial showing of the denial of a constitutional right, and we deny a certificate of appealability and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

---

[*] After granting Griffin's motion to extend time to file a motion to reconsider, construing the motion as one arising under Rule 59(e), and denying the motion, the district court entertained and denied a second untimely Rule 59(e) motion. Both motions should have been construed as successive § 2255 motions and dismissed.

4