**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 23-1485**

---

ROBERT GRAVATT, III,

       Plaintiff - Appellant,

    v.

MONTGOMERY COUNTY, MARYLAND; CAROLINE E. HEADEN; EDWARD
B. LATTNER; RASHEIM R. SMITH,

       Defendants - Appellees.

---

Appeal from the United States District Court for the District of Maryland, at Greenbelt.
Theodore D. Chuang, District Judge.  (8:22-cv-01296-TDC)

---

Submitted:  June 24, 2024                                    Decided:  July 17, 2024

---

Before RICHARDSON and RUSHING, Circuit Judges, and KEENAN, Senior Circuit
Judge.

---

Dismissed in part and affirmed in part by unpublished per curiam opinion.

---

Robert Gravatt, III, Appellant Pro Se.  Diane Feuerherd, Donna McBride, MILLER,
MILLER & CANBY, Rockville, Maryland, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robert Gravatt, III, appeals the district court's orders granting Defendants' motion to dismiss his 42 U.S.C. § 1983 and state law amended complaint and denying his motion for reconsideration. For the following reasons, we dismiss in part and affirm in part.

"[W]e have an independent obligation to verify the existence of appellate jurisdiction." *Porter v. Zook*, 803 F.3d 694, 696 (4th Cir. 2015) (internal quotation marks omitted). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007). In civil cases, a notice of appeal must be filed no more than 30 days after the entry of the district court's final judgment or order, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6).

When a party files a timely Fed. R. Civ. P. 59(e) motion before filing a notice of appeal, the time to file an appeal runs from the entry of the order resolving the Rule 59 motion. Fed. R. App. P. 4(a)(4)(A)(iv). A Rule 59(e) motion must be filed within 28 days after entry of the district court's judgment, however, *see* Fed. R. Civ. P. 59(e), and a district court cannot extend the time to file such a motion, *see* Fed. R. Civ. P. 6(b)(2). Similarly, a Fed. R. Civ. P. 60(b) motion may toll the time to file an appeal; however, such a motion must be filed no later than 28 days after the judgment is entered. *See* Fed. R. Civ. P. 4(a)(4)(A)(vi).

The district court here entered its dismissal order on March 3, 2023. Therefore, the appeal period for the district court's March 3 order could only be tolled if Gravatt filed

2

such a motion by March 31, 2023.  However, pursuant to the district court's order that purported to expand the time in which Gravatt could have timely filed his postjudgment motion, Gravatt filed his motion on April 3, 2023, more than 28 days after the district court's dismissal order.  Because of this belated filing, the appeal period applicable to the court's dismissal order was not tolled by the filing of Gravatt's motion for reconsideration. *See* Fed. R. App. P. 4(a)(4)(A).  Furthermore, because "the district court's order extending the time to file the motion to alter or amend the judgment was not authorized under the Federal Rules of Civil Procedure," the "time period for filing the notice of appeal could not be deferred on the basis of the district court's order." *Alston v. MCI Commc'ns Corp.*, 84 F.3d 705, 706 (4th Cir. 1996), *overruled in part on other grounds by Bowles*, 551 U.S. 205; *see also Panhorst v. United States*, 241 F.3d 367, 372 (4th Cir. 2001) ("An untimely Rule 59 motion is never proper because the Rules expressly forbid an extension of time for such a motion." (internal quotation marks omitted)).  We therefore lack jurisdiction to review the district court's order granting Defendants' motion to dismiss. *See Bowles*, 551 U.S. at 214.

We do, however, have jurisdiction to review the district court's order denying Gravatt's motion for reconsideration, as Gravatt filed his notice of appeal within 30 days after the entry of that order. *See* Fed. R. App. P. 4(a)(1)(A); Fed. R. Civ. P. 6(a).  We have reviewed the record and conclude that the district court did not abuse its discretion in

3

denying Gravatt's motion for reconsideration.[*] *See Aikens v. Ingram*, 652 F.3d 496, 501 (4th Cir. 2011) (en banc) (stating standard of review for Rule 60(b) motion). We therefore affirm the district court's order denying reconsideration. *Gravatt v. Montgomery Cnty.*, No. 8:22-cv-01296-TDC (D. Md. Apr. 27, 2023).

Accordingly, we grant Gravatt's motion to amend his informal brief, dismiss the appeal as to the district court's order granting Defendants' motion to dismiss, and affirm as to the district court's order denying reconsideration. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*

---

[*] Because Gravatt's motion was filed more than 28 days after the entry of the district court's dismissal order and the time to file a Rule 59(e) motion cannot be extended, the district court should have construed Gravatt's motion for reconsideration as a Rule 60(b) motion and considered it only under the standards set forth in that rule. *See MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 278 (4th Cir. 2008) (explaining that postjudgment motions should be construed based on time period within which they are filed).