# PUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

LISA PANHORST; JOANNE JONES; JOHN
M. JONES,

      *Plaintiffs-Appellants,*

v.

UNITED STATES OF AMERICA,

      *Defendant-Appellee.*

No. 99-2300

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
J. Frederick Motz, Chief District Judge.
(CA-96-1730-JFM)

Argued: November 2, 2000

Decided: February 20, 2001

Before NIEMEYER, LUTTIG, and TRAXLER, Circuit Judges.

---

Dismissed by published opinion. Judge Luttig wrote the opinion, in
which Judge Niemeyer and Judge Traxler joined.

---

## COUNSEL

**ARGUED:** Marc Simon Moller, KREINDLER & KREINDLER,
New York, New York, for Appellants. Mary McElroy Leach, Senior
Trial Counsel, UNITED STATES DEPARTMENT OF JUSTICE,
Washington, D.C., for Appellee. **ON BRIEF:** Henry Gluckstern, Spe-
cial Counsel, KREINDLER & KREINDLER, New York, New York;
Stanley P. Kops, Philadelphia, Pennsylvania, for Appellants. David

W. Ogden, Acting Assistant Attorney General, Lynne A. Battaglia, United States Attorney, Jeffrey Axelrad, Director, Torts Branch, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

---

**OPINION**

LUTTIG, Circuit Judge:

The appellants, Lisa Jones Panhorst and her parents, appeal the district court's grant of summary judgment to the United States in an action brought under the Federal Tort Claims Act. We hold that appellants' notice of appeal was untimely and that the limited "unique circumstances" exception to the jurisdictional requirement of a timely notice of appeal does not apply. Accordingly, we dismiss this appeal for lack of jurisdiction.

I.

Lisa Jones Panhorst is paralyzed in both legs. Panhorst and her parents sued American Cyanamid Company ("*Cyanamid*") in the District of South Carolina, claiming that Panhorst contracted polio through contact with an unknown child who had recently been administered a defective dose of Orimune, a polio vaccine manufactured by American Cyanamid. While that action was pending, appellants filed the present action against the United States under the Federal Tort Claims Act in the District of Maryland. Appellants claim that the United States negligently licensed and released a defective vaccine that was thereafter administered to a child from whom Panhorst contracted polio.

In *Cyanamid*, the district court granted summary judgment to the defendant on the issue of causation, holding that Panhorst failed to present sufficient evidence that she contracted Type III polio from American Cyanamid's vaccine.[1] App. 259. Subsequently, the district

---

[1]This court affirmed the district court's judgment in *Jones* v. *American Cyanamid Co.*, 139 F.3d 890 (4th Cir. 1998) (unpublished).

court in the present lawsuit granted summary judgment to the United States based on the collateral estoppel effect of *Cyanamid*. App. 172-79.

The district court entered the order granting summary judgment to the United States on March 3, 1998. On March 20, 1998, appellants filed a motion for rehearing and reconsideration under Fed. R. Civ. P. 59, citing newly discovered evidence of alleged improprieties in the licensing of Orimune.[2] Because appellants knew that the period permitted by the Federal Rules of Civil Procedure for filing a Rule 59 motion had elapsed, they also filed a motion to consider the Rule 59 motion out of time, along with an order for the court's signature that granted appellants permission to file an untimely Rule 59 motion.

The district court signed the order submitted by appellants and held a hearing on the Rule 59 motion, which it subsequently denied on July 30, 1999. On September 21, 1999 — within sixty days of the denial of the untimely Rule 59 motion, but more than sixty days after entry of the original summary judgment order — appellants noted this appeal.

## II.

The United States argues that we have no jurisdiction over this appeal because the notice of appeal was filed out of time. We agree. Because appellants' Rule 59 motion was untimely, it did not defer the sixty-day period for filing a notice of appeal, which continued to run from the entry of the summary judgment order. Accordingly, appellants' notice of appeal — filed more than sixty days after the summary judgment order — was untimely as well. We would thus have jurisdiction over this appeal only if the "unique circumstances" doctrine cured the jurisdictional defect caused by appellants' tardy notice of appeal. We conclude that the unique circumstances doctrine does not apply to the facts of this case, and we therefore dismiss for lack of jurisdiction.

---

[2]Although appellants did not specify the section of Rule 59 on which they relied, the district court considered the motion under Rule 59(e) ("Motion to Alter or Amend Judgment"). J.A. 242.

A.

The Supreme Court has repeatedly emphasized that the require-ment of a timely notice of appeal is "mandatory and jurisdictional." *Browder* v. *Director, Dep't of Corrections*, 434 U.S. 257, 264 (1978). *See also Alston* v. *MCI Communications Corp.*, 84 F.3d 705, 706 (4th Cir. 1996). Under the Federal Rules of Appellate Procedure, a party to a lawsuit involving the United States must file a notice of appeal within sixty days after entry of the judgment or order appealed from. Fed. R. App. P. 4(a)(1)(B). However, if a party files a *timely* motion in the district court to alter or amend the judgment under Rule 59(e), the time to file a notice of appeal runs from the entry of the order dis-posing of the Rule 59(e) motion. Fed. R. App. P. 4(a)(4). An *untimely* Rule 59(e) motion does not defer the time for filing an appeal, which continues to run from the entry of the initial judgment or order. *Browder*, 434 U.S. at 264.

The timeliness of appellants' notice of appeal thus depends entirely upon whether their Rule 59 motion was timely. A motion to alter or amend the judgment under Rule 59(e) is timely only if filed within ten days after entry of the judgment, not including Saturdays, Sun-days, or legal holidays. Fed. R. Civ. P. 59(e) (A motion under Rule 59(e) "*shall* be filed no later than 10 days after entry of the judg-ment.") (emphasis added); Fed. R. Civ. P. 6(a) (computation of time where a prescribed period is less than eleven days). The district court "may not extend the time for taking any action under Rules . . . 59(b), (d) and (e), except to the extent and under the conditions stated in them." Fed. R. Civ. P. 6(b). Rule 59(e), in turn, simply does not pro-vide *any* mechanism for extending the prescribed ten-day filing dead-line. Thus, the Federal Rules clearly prescribe that a motion under Rule 59(e) must be filed within ten days after entry of the judgment, and the Rules just as clearly provide the district court with no author-ity to extend the filing period.

Here, the district court entered the summary judgment order in favor of the United States on March 3, 1998. Appellants had until March 17, 1998 — ten days after the entry of the summary judgment order, excluding Saturdays, Sundays, and legal holidays — to file their Rule 59 motion. Instead, they filed their Rule 59 motion on March 20, 1998. Because an untimely Rule 59 motion cannot defer

the time for filing a notice of appeal, appellants were required to note their appeal by May 4, 1998, sixty days from the entry of summary judgment. The notice of appeal filed on September 21, 1999 — over 180 days from the entry of judgment — was therefore tardy. Unless there is an applicable exception to the rule that a timely notice of appeal is mandatory and jurisdictional, we lack jurisdiction over this appeal.

## B.

Appellants seek refuge from the mandatory filing requirements of the Rules by invoking the limited "unique circumstances" doctrine recognized by the Supreme Court in a trio of cases in the early 1960s. *See Wolfsohn* v. *Hankin*, 376 U.S. 203 (1964); *Thompson* v. *INS*, 375 U.S. 384 (1964); *Harris Truck Lines, Inc.* v. *Cherry Meat Packers, Inc.*, 371 U.S. 215 (1962). In *Harris*, the district court granted a motion to extend the time for filing a notice of appeal, as then provided by Rule 73(a), for "excusable neglect or good cause." The Seventh Circuit dismissed the appeal because, in its view, the circumstances on which the district court relied did not satisfy Rule 73(a), rendering the appeal untimely. The Supreme Court reversed, holding that:

> In view of the obvious great hardship to a party who relies upon the trial judge's finding of "excusable neglect" prior to the expiration of the 30-day period and then suffers reversal of that finding, it should be given great deference by the reviewing court.

*Harris*, 371 U.S. at 217.

In *Thompson*, the Court again applied the *Harris* doctrine, over the vigorous dissent of four Justices. The petitioner in *Thompson* filed a motion for a new trial twelve days after final judgment. The district court assured him that the motion was actually filed "'in ample time'" and went on to decide it on its merits. *Thompson*, 375 U.S. at 387. Based on this assurance, the petitioner filed a notice of appeal after the post-trial motion was ruled upon, which was more than sixty days after the original entry of judgment. The court of appeals dismissed the appeal for lack of jurisdiction, holding that the motion for a new

trial filed in the district court was untimely and hence did not defer the time for filing a notice of appeal. The Supreme Court vacated the judgment and held that the court of appeals had jurisdiction in light of the "unique circumstances" of the case, which fit within the *Harris* exception. *Id.*

Finally, in *Wolfsohn*, the Supreme Court summarily reversed, in a one-sentence memorandum opinion, the dismissal of another untimely appeal where the district court had extended the ten-day period for filing a motion under Rule 59(b). *Wolfsohn*, 376 U.S. at 203. The Court did not state its reasoning or the facts of the case, citing only the lower court opinion, *Harris*, and *Thompson*.[3] Again, four Justices dissented, arguing that *Thompson* and *Wolfsohn* represented an unwarranted extension of *Harris*, which "should be confined to its peculiar facts, i.e., a finding of 'excusable neglect' under Rule 73(a)." *Wolfsohn*, 376 U.S. at 203.

The Supreme Court has not applied the unique circumstances doctrine since *Wolfsohn*, and subsequent caselaw effectively calls the validity of the doctrine into doubt. Since 1964, when *Wolfsohn* was decided, the Supreme Court has repeatedly emphasized that the time limits imposed by the Federal Rules are "mandatory and jurisdictional." *See*, *e.g.*, *Griggs* v. *Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982); *Browder*, 434 U.S. at 257. In particular, we find great significance in *Browder*, where the Court did not apply the unique circumstances doctrine despite facts that were virtually on all fours with *Thompson* and *Wolfsohn*. As in *Thompson* and *Wolfsohn*, the petitioner in *Browder* delayed filing a notice of appeal in reliance on the district court's consideration of an untimely Rule 59 motion. Nonetheless, the Supreme Court in *Browder* held that the court of appeals lacked jurisdiction over an untimely appeal because the petitioner's motion in the district court for a stay and an evidentiary hearing (essentially a motion for rehearing or reconsideration) was untimely under Rule 52(b) or 59, and hence could not toll the running of the "mandatory and jurisdictional" thirty-day time limit for filing an appeal. *Browder*, 434 U.S. at 264, 271-72. Thus, on facts that

---

[3]A summary disposition does not enjoy the same precedential value as a full opinion of the Court on the merits. *Edelman* v. *Jordan*, 415 U.S. 651, 671 (1974).

would appear to fall within the unique circumstances exception, *Browder*'s unequivocal holding that the timely filing of a notice of appeal is "mandatory and jurisdictional" casts considerable doubt on the continued viability of the unique circumstances doctrine.

Indeed, our sister circuits have also questioned the vitality of the unique circumstances doctrine in the wake of *Browder* and other cases that stress the mandatory and jurisdictional nature of filing requirements. *See*, *e.g.*, *Pinion* v. *Dow Chemical, U.S.A.*, 928 F.2d 1522, 1529 (11th Cir. 1991), *cert. denied*, 502 U.S. 968 (1991); *Kraus* v. *Consolidated Rail Corp.*, 899 F.2d 1360, 1362-63 (3d Cir. 1990); *Parke-Chapley Constr. Co.* v. *Cherrington*, 865 F.2d 907, 913 n.6 (7th Cir. 1989). Furthermore, four Supreme Court Justices have apparently rejected the unique circumstances exception outright:

> Petitioner asserts that [*Harris*, *Thompson*, and *Wolfsohn*] establish an equitable doctrine that sometimes permits the late filing of notices of appeal. Our later cases, however, effectively repudiate the *Harris Truck Lines* approach, affirming that the timely filing of a notice of appeal is "mandatory and jurisdictional."

*Houston* v. *Lack*, 487 U.S. 266, 282 (1988) (Scalia, J., dissenting, joined by Rehnquist, C.J., O'Connor, J., and Kennedy, J.). We seriously doubt whether the Court would apply the doctrine if given the chance today. Nevertheless, "only the [Supreme] Court may overrule one of its precedents," *Thurston Motor Lines, Inc.*, v. *Jordan K. Rand, Ltd.*, 460 U.S. 533, 535 (1983), and we must assume that the unique circumstances doctrine remains good law unless it is overruled by the Court. Cognizant, however, of the waning support for the doctrine, we read its requirements strictly, as our sister circuits have done. Consistent with our view that the unique circumstances doctrine has fallen into disuse, we have never before applied the doctrine to assert jurisdiction over an untimely appeal,[4] and we conclude today that it does not apply in this case.

---

[4]We have cited the unique circumstances doctrine in only three cases. In *Myers* v. *Stephenson*, 748 F.2d 202 (4th Cir. 1984), we reserved decision on whether the unique circumstances doctrine would apply, pending

## C.

In *Osterneck* v. *Ernst & Whitney*, 489 U.S. 169 (1989), the Supreme Court stated the unique circumstances doctrine as follows:[5]

> [The unique circumstances doctrine] applies only where a party has performed an act which, if properly done, would postpone the deadline for filing his appeal and has received specific assurance by a judicial officer that this act has been properly done.

*Osterneck*, 489 U.S. at 179. The doctrine, by its terms, does not apply here. First, the act that appellants performed in the district court — filing an untimely Rule 59 motion accompanied by a motion to file out of time — can never be "properly done." An untimely Rule 59 motion is never proper because the Rules expressly forbid an extension of time for such a motion. Thus, this case is unlike *Harris*, where the district court had authority under the Rules to extend the time for filing a notice of appeal and assured the moving party that the requirements for an extension had been properly satisfied. In strictly construing the unique circumstances doctrine, we decline to apply it to the present case, where the Rules bar an extension of time.

Second, the act of filing an untimely Rule 59 motion is not one that can "postpone the deadline for filing [an] appeal." *Osterneck*, 489 U.S. at 179. As the Federal Rules and *Browder* make clear, only a *timely* motion under Rule 59 (among other specified rules) defers the time for filing a notice of appeal. Fed. R. App. P. 4(a)(1); *Browder*, 464 U.S. at 264.

---

a determination of whether the appellants' notice of appeal was untimely and an evidentiary hearing on the circumstances surrounding the filing of the notice of appeal. In *Alston* v. *MCI Communications Corp.*, 84 F.3d 705 (4th Cir. 1996), and *Jones* v. *AT&T Technologies, Inc.*, 943 F.2d 49 (4th Cir. 1991) (unpublished), we considered the unique circumstances doctrine and declined to apply it.

[5]In *Osterneck*, the Supreme Court refused to apply *Thompson* where a party had mistakenly viewed its initial notice of appeal as effective despite the pendency of a motion that made that notice a nullity. *Osterneck*, 489 U.S. at 178.

Third, not only can an untimely Rule 59 motion never be "properly done," but the district court in this case did not provide "specific assurance" that "this act [was] properly done." *Osterneck*, 489 U.S. at 179. At most, the "assurance" given by the court was that it would excuse the *improper* filing of an untimely Rule 59 motion and consider the motion on its merits out of time. *See Green* v. *Bisby*, 869 F.2d 1070, 1072 (7th Cir. 1989) (entry of an order granting a litigant's request for an extension of time to file a Rule 59(e) motion "is not an act of affirmative representation by a judicial officer as contemplated by *Osterneck*."). Unlike the Court in *Thompson*, the district court in this case never assured appellants that the Rule 59 motion was actually proper and filed "'in ample time.'" *Thompson*, 375 U.S. at 387. Indeed, the submission of an order for the court's signature granting appellants permission to file a Rule 59 motion out of time shows that appellants themselves recognized that the motion was *not* properly done because it was untimely.

Moreover, even if the district court's order could be characterized as an assurance within the meaning of *Osterneck*, appellants did not reasonably rely on that assurance, as numerous courts of appeal have interpreted the unique circumstances doctrine to require. *See*, *e.g.*, *Pinion*, 928 F.2d at 1532 (requiring that reliance be reasonable because of the equitable nature of the unique circumstances doctrine). *See also*, *e.g.*, *In re: Home & Family, Inc.*, 85 F.3d 478, 480 (10th Cir. 1996); *Feinstein* v. *Moses*, 951 F.2d 16, 20 (1st Cir. 1991); *Kraus*, 899 F.2d at 1365. We agree with the Second, Third, Tenth, and Eleventh Circuits that a party cannot reasonably rely on a district court's improper extension of time where the party requests relief that, as a plain reading of the Rules would show, is beyond the court's authority. *See Lichtenberg* v. *Besicorp Group, Inc.*, 204 F.3d 397 (2d Cir. 2000); *Home & Family, Inc.*, 85 F.3d at 480; *Pinion*, 928 F.2d at 1532-34; *Kraus*, 899 F.2d at 1365. Appellants' counsel could have avoided the filing error in this case by reading Rules 59(e) and 6(b), which clearly state that a Rule 59(e) motion must be filed within ten days of the entry of judgment. Because a litigant "has a duty to familiarize himself with the [Federal] Rules," which clearly prohibit an extension of time in which to file a Rule 59 motion, we cannot say that appellants' reliance on the district court's acceptance of the submitted order was reasonable. *See Certain Underwriters at Lloyds of London* v. *Evans*, 896 F.2d 1255, 1258 (10th Cir. 1990) (holding that

appellants "either knew or should have known" that an extension of time to file a notice of appeal exceeded the authority of the district court, and that reliance on the district court's extension was therefore unreasonable).

We therefore hold that the limited unique circumstances doctrine does not apply to the facts of this case. The filing of an untimely Rule 59(e) motion is not an act that can be "properly done" or that can "postpone the deadline for filing [an] appeal," nor did appellants receive or reasonably rely on "specific assurance by a judicial officer that this act [was] properly done." *Osterneck*, 489 U.S. at 179. Consequently, we have no jurisdiction over this untimely appeal. As the Supreme Court has stated:

> Filing deadlines, like statutes of limitations, necessarily operate harshly and arbitrarily with respect to individuals who fall just on the other side of them, but if the concept of a filing deadline is to have any content, the deadline must be enforced.

*United States* v. *Locke*, 471 U.S. 84, 101 (1985). To assert jurisdiction over this appeal would be to nullify the plain, mandatory filing requirements of the Federal Rules.

## *CONCLUSION*

For the foregoing reasons, we dismiss this appeal for lack of jurisdiction.

*DISMISSED*