**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 01-6239**

———————————

ERIC LAMONT YOUNG,

Plaintiff - Appellant,

versus

UNITED STATES OF AMERICA,

Defendant - Appellee.

———————————

Appeal from the United States District Court for the District of South Carolina, at Rock Hill.   Dennis W. Shedd, District Judge. (CR-97-443, CA-00-2453)

———————————

Submitted:  May 8, 2001             Decided:  May 21, 2001

———————————

Before MOTZ and GREGORY, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————————

Dismissed by unpublished per curiam opinion.

———————————

Eric Lamont Young, Appellant Pro Se.  Marshall Prince, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Eric Lamont Young appeals the district court's orders dismissing his 28 U.S.C.A. § 2255 (West Supp. 2000) motion and denying reconsideration of that order.

In an action in which the United States is a party, parties are accorded sixty days after entry of the district court's final judgment or order to note an appeal, see Fed. R. App. P. 4(a)(1)(B), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). This appeal period is "mandatory and jurisdictional." Browder v. Director, Dep't of Corrections, 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)).

The district court's order dismissing Young's § 2255 motion was entered on October 17, 2000. Young's notice of appeal was filed on December 30, 2000.[*] Young filed his motion to reconsider more than ten days from the district court's order dismissing his § 2255 motion, consequently the time period for filing his appeal of that order was not tolled. See Fed. R. App. P. 4(a)(4); Panhorst v. United States, 241 F.3d 367, 370 (4th Cir. 2001). Therefore, Young's appeal is only timely as to the district court's

---

[*] For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date it could have been given to prison officials for mailing. See Fed. R. App. 4(c); Houston v. Lack, 487 U.S. 266 (1988).

order denying his subsequent motion for reconsideration, construed here under Fed. R. Civ. P. 60(b). See, e.g., Small v. Hunt, 98 F.3d 789, 797 (4th Cir. 1996).

This Court reviews denial of a Fed. R. Civ. P. 60(b) motion for abuse of discretion. See NOW v. Operation Rescue, 47 F.3d 667, 669 (4th Cir. 1995) (per curiam). We have reviewed the record and conclude the district court's order denying Young's motion for reconsideration was not an abuse of discretion. Accordingly, we deny a certificate of appealability and dismiss Young's appeal as to both district court orders. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED