**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

LEROY C. CARPENTER,
                *Petitioner-Appellant,*

v.

FRANK SIZER, JR., Warden;
ATTORNEY GENERAL FOR THE
STATE OF MARYLAND,
                *Respondents-Appellees.*

No. 01-6031

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Marvin J. Garbis, District Judge.
(CA-00-432-MJG)

Submitted: July 10, 2001

Decided: July 26, 2001

Before NIEMEYER, MICHAEL, and MOTZ, Circuit Judges.

---

Dismissed by unpublished per curiam opinion.

---

**COUNSEL**

Leroy C. Carpenter, Appellant Pro Se. John Joseph Curran, Jr., Attorney General, Mary Ann Rapp Ince, OFFICE OF THE ATTORNEY GENERAL OF MARYLAND, Baltimore, Maryland, for Appellees.

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Leroy C. Carpenter seeks to appeal the district court's order of
October 3, 2000, denying his petition for a writ of habeas corpus
under 28 U.S.C.A. § 2254 (West Supp. 2000). However, Carpenter
failed to note a timely appeal of that order in accordance with Fed.
R. App. P. 4(a)(1), as his notice of appeal, dated December 27, 2000,
was filed over six weeks after the thirty day window in which to note
an appeal closed on November 2, 2000. Although the district court
construed Carpenter's untimely notice of appeal as a motion to reopen
the period in which to note an appeal under Fed. R. App. P. 4(a)(6),
and denied that motion by an order entered on January 4, 2001, Car-
penter was required to file a document satisfying the requirements of
Rule 3(c) by February 3, 2001 in order to appeal that order as well.
*See Smith v. Barry*, 502 U.S. 244, 248-49 (1992); *Lytle v. Griffith*,
240 F.3d 404, 407 n.2 (4th Cir. 2001) (noting that while a notice of
appeal immediately transfers jurisdiction of all matters relating to the
appeal from the district court to the court of appeals, the district court
retains jurisdiction as to matters in aid of the appeal). However,
because Carpenter did not file a separate notice of appeal with the dis-
trict court or an informal brief with this court by that deadline, the
period in which Carpenter could appeal the order denying him an
opportunity to note a timely appeal also passed without action.* 
Accordingly, because Carpenter cannot satisfy the requirements of
Rule 4(a)(1), which are both "'mandatory and jurisdictional,'" *see*

---

*We note that although Carpenter did file a motion to alter or amend
the district court's order denying his Rule 4(a)(6) motion, and a timely
motion under Fed. R. Civ. P. 59(e) will toll the period in which to perfect
an appeal, *see* Fed. R. App. P. 4(a)(4), because Carpenter's motion to
alter or amend was filed on January 22, 2001 at the earliest, it was not
timely within the meaning of Rule 59(e). *See Panhorst*, 241 F.3d at 369-
70 (allowing ten business days in which to file a timely Rule 59(e)
motion).

*Panhorst v. United States*, 241 F.3d 367, 369-70 (4th Cir. 2001) (quoting *Browder v. Director, Dep't of Corr.*, 434 U.S. 257, 264 (1978)), as to either the order denying his habeas petition or the order denying his motion to reopen the appeal period, we deny Carpenter a certificate of appealability and dismiss his appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED*