**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 01-6914**

---

ROBERT JOSEPH WILLIAMS,

                               Plaintiff - Appellant,

        versus

R. A. YOUNG; KENNETH L. OSBORNE; JIM E. WARD,

                               Defendants - Appellees.

---

Appeal from the United States District Court for the Western Dis-
trict of Virginia, at Roanoke.  Jackson L. Kiser, Senior District
Judge.  (CA-01-1-7-M)

---

Submitted:  October 18, 2001          Decided:  October 26, 2001

---

Before MOTZ and GREGORY, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

---

Dismissed in part and affirmed in part by unpublished per curiam
opinion.

---

Robert Joseph Williams, Appellant Pro Se.

---

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Robert Joseph Williams appeals the district court's order dismissing without prejudice his § 1983 action and denying his Fed. R. Civ. P. 60(b) motion for reconsideration of that order.

Parties are accorded thirty days after entry of the district court's final judgment or order to note an appeal, see Fed. R. App. P. 4(a)(1), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). This appeal period is mandatory and jurisdictional. Browder v. Director, Dept of Corr., 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)).

The district court's order dismissing Williams' action was entered on the docket on February 20, 2001. Williams' notice of appeal was filed on May 11, 2001.[*] Williams did not obtain an extension or reopening of the appeal period. Moreover, Williams did not file his motion to reconsider within ten days of the district court's order dismissing his suit, consequently the time period for filing his appeal of that order was not tolled. See Fed. R. App. P. 4(a)(4); Panhorst v. United States, 241 F.3d 367, 370 (4th Cir. 2001). Therefore, Williams' appeal is timely only as

---

[*] For the purpose of this appeal we assume that the date appearing on the notice of appeal is the earliest date it could have been given to prison officials for mailing. See Fed. R. App. P. 4(c); Houston v. Lack, 487 U.S. 266 (1988).

2

to the district court's denial of his subsequent motion for reconsideration.

This court reviews a denial of a Rule 60(b) motion for abuse of discretion. See NOW v. Operation Rescue, 47 F.3d 667, 669 (4th Cir. 1995) (per curiam). We have reviewed the record and conclude the district court's denial of Williams' motion for reconsideration was not an abuse of discretion.

Accordingly, we dismiss for lack of jurisdiction Williams' appeal of the district court's order dismissing his § 1983 action and affirm the district court's denial of Williams' motion for reconsideration. United States v. Robinson, 361 U.S. 220, 229 (1960). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED IN PART AND AFFIRMED IN PART