UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

RAJAEE A. POOLER,

    *Plaintiff-Appellant,*

v.

SUPERVALU HOLDINGS, INCORPORATED,
    *Defendant-Appellee.*

No. 03-1900

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Robert E. Payne, District Judge.
(CA-03-275-3)

Submitted: November 14, 2003

Decided: January 23, 2004

Before WIDENER and DUNCAN, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Vacated and remanded by unpublished per curiam opinion.

---

## COUNSEL

Rajaee A. Pooler, Appellant Pro Se. Vijay Kumar Mago, LECLAIR RYAN, P.C., Richmond, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Rajaee A. Pooler appeals the district court's order granting Supervalu Holdings, Inc.'s ("Supervalu") motion to dismiss his complaint as untimely, pursuant to Fed. R. Civ. P. 12(b)(6). This court reviews a grant of a motion to dismiss de novo. *Mayes v. Rapoport*, 198 F.3d 457, 460 (4th Cir. 1999).

Pooler first contends that he timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). We agree. In his complaint Pooler alleged wrongful termination and disability discrimination under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101-12213 (2000). Accordingly, Pooler had 300 days from the alleged discriminatory act to file a charge with the EEOC. *See Tinsley v. First Union Nat'l Bank*, 155 F.3d 435, 440 (4th Cir. 1998) (citing 42 U.S.C. § 2000e-5(e)(1) (2000)). Because Pooler did not receive unequivocal notice of his termination until June 13, 2002, we hold that his wrongful termination charge, filed with the EEOC on October 29, 2002, (138 days later) is timely. *English v. Whitfield*, 858 F.2d 957, 962 (1988). To the extent that Pooler wishes to challenge Supervalu's December 20, 2001, request that he return to his regular duties, we hold that this claim is untimely because Pooler failed to file this charge with the EEOC within the limitations period.

Pooler also contends that he timely filed his complaint in federal court within ninety days of receiving his Right to Sue Letter from the EEOC. We agree. Because Pooler expressly relied upon the district court's order directing him to file an amended complaint by April 21, 2003, and because the amended complaint relates back to the original complaint, which Pooler timely submitted to the district court (albeit not filed, at the district court's discretion), we hold that Pooler's amended complaint, filed on April 14, 2003, was timely. *Panhorst v. United States*, 241 F.3d 367, 372 (4th Cir. 2001).

Accordingly, we vacate and remand for proceedings consistent with this opinion. We dispense with oral argument because the facts

and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*VACATED and REMANDED*