**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 03-6957

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

LEROY ANTHONY THOMAS,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Benson Everett Legg, Chief District Judge. (CR-98-111-HNM; CA-03-416-L)

Submitted: October 17, 2003    Decided: September 15, 2004

Before WIDENER, LUTTIG, and WILLIAMS, Circuit Judges.

Remanded by unpublished per curiam opinion.

Leroy Anthony Thomas, Appellant Pro Se. Andrew Clayton White, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, James Clarke Howard, OFFICE OF THE UNITED STATES ATTORNEY, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Leroy Anthony Thomas seeks to appeal the district court's order dismissing his 28 U.S.C. § 2255 (2000) motion for lack of jurisdiction. In civil actions in which the United States is a party, parties are accorded sixty days after the entry of the district court's final judgment or order to file a notice of appeal, see Fed. R. App. P. 4(a)(1)(B), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). This appeal period is "mandatory and jurisdictional." Panhorst v. United States, 241 F.3d 367, 369-70 (4th Cir. 2001) (quoting Browder v. Director, Dep't of Corr., 434 U.S. 257, 264 (1978)).

The district court's order dismissing Thomas' motion was entered on March 7, 2003. Thomas filed his notice of appeal in this court on June 2, 2003. In it, Thomas stated that the district court did not send him its order disposing of his motion until May 14, 2003. We liberally construe Thomas' notice of appeal as a motion to extend the appeal period under Fed. R. App. P. 4(a)(5). See Haines v. Kerner, 404 U.S. 519, 520-21 (1972). We remand this case for the district court to determine whether Thomas has shown excusable neglect or good cause to warrant an extension. See Fed. R. App. P. 4(a)(5). The record, as supplemented, will then be returned to this court for further consideration.

REMANDED

- 2 -