**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-7470**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

BENJAMIN R. WILLIAMS,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News.  Henry Coke Morgan, Jr., Senior District Judge.  (CR-00-8-2-HCM)

Submitted:  March 31, 2006          Decided:  May 10, 2006

Before MICHAEL, GREGORY, and DUNCAN, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Benjamin R. Williams, Appellant Pro Se.  Laura Marie Everhart, Assistant United States Attorney, Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Benjamin R. Williams appeals from the district court's order denying his motion to modify the terms of his supervised release. A notice of appeal in a criminal case must be filed within ten days of the entry of judgment being appealed. Fed. R. App. P. 4(b)(1). The district court, upon a finding of excusable neglect or good cause, may extend the time period for filing a notice of appeal an additional thirty days. Fed. R. App. P. 4(b)(4). The appeal periods established by Rule 4 are mandatory and jurisdictional. Browder v. Dir., Dep't of Corr., 434 U.S. 257, 264 (1978); United States v. Raynor, 939 F.2d 191, 197 (4th Cir. 1991). The district court entered its judgment on July 14, 2005, and Williams filed his notice of appeal on September 9, 2005, outside the thirty-day excusable neglect period. As Williams' appeal is untimely,[1] we dismiss his appeal for lack of jurisdiction.[2] We dispense with oral argument because the facts

---

[1]Williams cannot claim reliance on the district court's order mistakenly stating Williams had sixty days to appeal, because litigants have a duty to familiarize themselves with the Federal Rules and cannot claim to rely on rulings by the district court that are plainly in violation of those rules. Panhorst v. United States, 241 F.3d 367, 373 (4th Cir. 2001).

[2]Further, even if we possessed jurisdiction to review the merits of Williams' appeal, we would have no difficulty concluding the district court acted well within its legal authority and discretion in denying Williams' motion to modify the terms of his supervised release.

- 2 -

and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED