UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 08-1377

ALEKSANDR J. STOYANOV,

                Plaintiff - Appellant,

        v.

GORDON R. ENGLAND, Secretary of the Navy; CHARLES BEHRLE,
Individually and in his Official Capacity as the Head of the
Carderock Division; GARY M. JEBSEN, Individually and in his
Official Capacity as the Head of Code 70; KEVIN WILSON,
Individually and in his Official Capacity as the Head of Code
74; STEPHAN M. FARLEY, Individually and in his Official
Capacity as the Head of Code 741; DAVID CARON, Individually
and in his Official Capacity as Assistant Counsel Code 39;
STEPHAN W. PETRI,

                Defendants - Appellees.

Appeal from the United States District Court for the District of
Maryland, at Baltimore.   Andre M. Davis, District Judge.
(1:05-cv-02819-AMD)

Submitted:  July 29, 2008        Decided:  September 3, 2008

Before MICHAEL, TRAXLER, and KING, Circuit Judges.

Dismissed in part; affirmed in part by unpublished per curiam opinion.

---

Aleksandr J. Stoyanov, Appellant Pro Se.  John Walter Sippel, Jr., Assistant United States Attorney, Baltimore, Maryland, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Aleksandr J. Stoyanov appeals the district court's order dismissing his claims under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e to 2000e-17 (2000), the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §§ 621 to 634 (2000), the Whisleblower Protection Act, 5 U.S.C. §§ 1214, 1221 and 2302 (2000), and various state law tort claims, as well as its order denying his motions for reconsideration, for judgment, and to compel certification of the content of Defendants' correspondence.  We dismiss Stoyanov's appeal in part because he failed to timely appeal the district court's order dismissing his claims, and affirm the district court's order denying his motions.

When the United States or its officer or agency is a party to a civil suit, parties are accorded sixty days from the day judgment is entered to file a notice of appeal, see Fed. R. App. P. 4(a)(1)(B), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6).  This appeal period is "mandatory and jurisdictional." Browder v. Director, Dep't of Corrections, 434 U.S. 257, 264 (1978) (internal quotation marks and citations omitted).  Accord Bowles v. Russell, 127 S. Ct. 2360 (2007). Stoyanov's notice of appeal, filed more than sixty days after the district court entered its order granting Defendants' motion to dismiss, was untimely filed, regardless of when Stoyanov received

notice of entry of the district court's order.  See Fed. R. Civ. P. 77(d).

Moreover, we find that Stoyanov's motion for reconsideration, which was filed more than one month after the district court's order granting Defendants' motion to dismiss and asked that the district court extend Stoyanov's time to file a motion for reconsideration, did not toll the time for filing a notice of appeal of the underlying order because it was not a timely filed Fed. R. Civ. P. 59(e) motion.  See Panhorst v. United States, 241 F.3d 367, 369-73 (4th Cir. 2001).  Although the district court did not explicitly construe Stoyanov's motion for reconsideration as a Fed. R. Civ. P. 60(b) motion, we nonetheless find that Stoyanov's motion failed to establish he was entitled to Rule 60(b) relief.*  See Fed. R. Civ. P. 60(b).

Based on the foregoing, we dismiss Stoyanov's appeal of the district court's order granting Defendants' motion to dismiss and affirm the district court's denial of Stoyanov's motions for reconsideration, for judgment, and to compel.  We dispense with oral argument because the facts and legal contentions are

---

*Because Stoyanov's Rule 60(b) motion was not the functional equivalent of a notice of appeal, see Fed. R. App. P. 3, we decline to construe the motion as a notice of appeal.

- 4 -

adequately presented in the materials before the court and argument would not aid the decisional process.

                                    DISMISSED IN PART;
                                     AFFIRMED IN PART