**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 09-1462**

_____

LONG BEACH MORTGAGE TRUST 2006-6; DEUTSCHE BANK NATIONAL
TRUST COMPANY,

             Plaintiffs - Appellees,

        and

MARK EDWARD FRUTROVSKY; FISCHER LAW GROUP, PLLC,

             Plaintiffs,

        v.

YVONNE DOVE,

             Defendant - Appellant.

_____

Appeal from the United States District Court for the District of
Maryland, at Greenbelt.   Peter J. Messitte, Senior District
Judge.  (8:08-cv-02064-PJM)

_____

Submitted:  July 16, 2009          Decided:  August 14, 2009

_____

Before WILKINSON, KING, and SHEDD, Circuit Judges.

_____

Affirmed in part and dismissed in part by unpublished per curiam
opinion.

_____

Yvonne Dove, Appellant Pro Se. Matthew Daniel Cohen, BIERMAN
GEESING & WARD, LLC, Bethesda, Maryland, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Yvonne Dove seeks to appeal the district court's orders remanding the case to state court and denying reconsideration of that order. Parties are accorded thirty days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6). This appeal period is "mandatory and jurisdictional." Browder v. Dir., Dep't of Corr., 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)); accord Bowles v. Russell, 551 U.S. 205, __, 127 S. Ct. 2360, 2363-66 (2007). The appeal period is stayed by a motion for reconsideration pursuant to Fed. R. Civ. P. 59(e), if filed no later than ten days following entry of the judgment. See Fed. R. Civ. P. 59(e); Fed. R. App. P. 4(a)(4)(A). An untimely Rule 59(e) motion, however, does not stay the appeal period. Panhorst v. United States, 241 F.3d 367, 370 (4th Cir. 2001).

The district court's order remanding the case was entered on the docket on December 30, 2008. Dove did not file her motion for reconsideration until January 15, 2009, one day beyond the expiration of the ten-day period. That motion, therefore, did not stay the appeal period. As the notice of appeal was filed on April 20, 2009, almost three months beyond

2

the expiration of the thirty-day appeal period, and Dove failed to obtain an extension or reopening of the appeal period, we do not have jurisdiction to review the district court's order remanding the case to state court. We therefore dismiss this portion of the appeal.

Turning to the district court's order denying reconsideration, Dove has failed to challenge on appeal the court's basis for denying reconsideration. We therefore find that Dove has forfeited appellate review of that order. See 4th Cir. R. 34(b). Accordingly, we affirm the district court's order denying reconsideration of the remand order.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART;
DISMISSED IN PART

3