**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 11-1921**

───────────────

DIANN B. JAMES,

        Plaintiff - Appellant,

   v.

VERIZON; KENNA ASHLEY,

        Defendants - Appellees.

───────────────

Appeal from the United States District Court for the District of
Maryland, at Greenbelt. Alexander Williams, Jr., District
Judge. (8:09-cv-02136-AW)

───────────────

Submitted: December 15, 2011    Decided: December 19, 2011

───────────────

Before GREGORY, SHEDD, and DAVIS, Circuit Judges.

───────────────

Affirmed by unpublished per curiam opinion.

───────────────

Diann B. James, Appellant Pro Se. Jessica Dorothy Fegan,
MCGUIREWOODS, LLP, Washington, D.C.; Amy Elizabeth Miller,
MCGUIREWOODS, LLP, McLean, Virginia, for Appellees.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Diann B. James seeks to appeal the district court's order denying her motion to alter or amend its earlier grant of summary judgment to Defendants. We have reviewed the record and found no reversible error. Accordingly, we affirm for the reasons stated by the district court.[*] James v. Verizon, No. 8:09-cv-02136-AW (D. Md. Aug. 2, 2011). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[*] To the extent that James also challenges, in her informal brief, the district court's underlying grant of summary judgment, the court lacks jurisdiction to consider those arguments. Because the post-judgment motion was not timely filed pursuant to Fed. R. Civ. P. 59(e), it did not toll James' appeal period. Further, the district court did not extend or reopen the appeal period. James' notice of appeal was therefore untimely as to the order granting summary judgment. See Fed. R. App. P. 4(a)(1)(A) (notice of appeal in a civil case must be filed within thirty days of judgment or order). An untimely notice of appeal in a civil case divests this court of jurisdiction over the appeal. Panhorst v. United States, 241 F.3d 367, 370 (4th Cir. 2001).