**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 12-1774**

_____

MARIE THERESE ASSA'AD-FALTAS, MD MPH for herself and for
all similarly situated persons,

Plaintiff - Appellant,

v.

CITY OF COLUMBIA, South Carolina; MEMBERS OF CITY COUNCIL;
JEANNETTE MCBRIDE, Richland County Clerk of Court; DANA
DAVIS TURNER, Chief Administrator of the City Municipal
Court; ANGELA LADSEN, Ministerial Recorder for the City;
SANDI MYERS, Parking Officer for the City; ALL PARKING
OFFICERS, past present and future for the City; MARION
HANNA, Judge for Columbia's Municipal Court; G. THOMAS
COOPER, JR.; JAMES R. BARBER, JR.; SOUTH CAROLINA CIRCUIT
JUDGES, and all other presently unknown persons and entities
necessary for adjudication of this case all solely in the
official capacities and solely for injunctive relief,

Defendants - Appellees.

_____

Appeal from the United States District Court for the District of
South Carolina, at Columbia.   Terry L. Wooten, District Judge.
(3:10-cv-03014-TLW)

_____

Submitted:  November 20, 2012          Decided:  November 26, 2012

_____

Before TRAXLER, Chief Judge,  and SHEDD  and FLOYD, Circuit
Judges.

_____

Dismissed in part and affirmed in part by unpublished per curiam
opinion.

_____

Marie Therese Assa'ad-Faltas, Appellant Pro Se.   Holly Palmer Beeson, OFFICE OF THE CITY ATTORNEY, Columbia, South Carolina, for Appellees.

––––––––––––––––

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Marie Assa'ad-Faltas appeals the district court's order adopting the magistrate judge's recommendation to dismiss her claims arising out of a parking ticket she received in 2010, as well as its order denying her self-styled Fed. R. Civ. P. 59(e) motion. We dismiss Assa'ad-Faltas's appeal in part because she failed to timely appeal the district court's order dismissing her claims, and affirm the district court's order denying her motion for reconsideration.

Parties in a civil action in which the United States is not a party have thirty days following entry of judgment in which to file a notice of appeal. Fed. R. App. P. 4(a)(1)(A). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." Bowles v. Russell, 551 U.S. 205, 214 (2007); see United States v. Urutyan, 564 F.3d 679, 685 (4th Cir. 2009) (discussing Bowles and the appeal periods under Fed. R. App. P. 4(a)).

Assa'ad-Faltas's notice of appeal, filed more than thirty days after the district court entered its order granting Defendants' motion to dismiss, was untimely filed. Moreover, we find that Assa'ad-Faltas's motion for reconsideration, which was filed more than twenty-eight days after the district court's order granting Defendants' motion to dismiss, did not toll the time for filing a notice of appeal of the underlying order

3

because it was not a timely filed Rule 59(e) motion. See Panhorst v. United States, 241 F.3d 367, 369-73 (4th Cir. 2001). Although the district court did not explicitly construe Assa'ad-Faltas's motion for reconsideration as a Fed. R. Civ. P. 60(b) motion, we nonetheless find that Assa'ad-Faltas's motion failed to establish that she was entitled to Rule 60(b) relief.[*] See Fed. R. Civ. P. 60(b).

Based on the foregoing, we dismiss Assa'ad-Faltas's appeal of the district court's order granting Defendants' motion to dismiss and affirm the district court's denial of Assa'ad-Faltas's motion for reconsideration. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED IN PART;
AFFIRMED IN PART

---

[*] Because Assa'ad-Faltas's Rule 60(b) motion was not the functional equivalent of a notice of appeal, see Fed. R. App. P. 3, we decline to construe the motion as a notice of appeal.

4