**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 13-1658**

---

CATHERINE ALEXANDER,

                    Plaintiff - Appellant,

          v.

GLUT FOOD COOP; CHRISTOPHER DOYLE; JAIME MOORBY; NICOLA
THOMPSON; JENNIFER BERGDORF; ANDRE SPENCER; DAVID MCDUFFY;
DAVID DUFFY; RAQUEL BROWN; DENATRA LEWIS; KIMBERLY PETERSON;
NELAJAH DAVIS; TEE BROWN; ADRIAN MADSEN; HAMADY KASSAMBARA,

                    Defendants - Appellees.

---

Appeal from the United States District Court for the District of
Maryland, at Greenbelt.   Alexander Williams, Jr., District
Judge.  (8:10-cv-00955-AW)

---

Submitted:  October 28, 2013          Decided:  November 8, 2013

---

Before NIEMEYER and AGEE, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

---

Dismissed in part; affirmed in part by unpublished per curiam
opinion.

---

Catherine Alexander, Appellant Pro Se.  Kenneth Sigman, Susan
Clare Silber, Metody A. Tilev, SILBER PERLMAN SIGMAN & TILEV,
PA, Takoma Park, Maryland, for Appellees Glut Food Coop and
Christopher Doyle.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In this employment discrimination proceeding, Catherine Alexander appeals the district court's orders granting summary judgment against her and denying her motion for reconsideration. Appellees have moved to dismiss Alexander's appeal as untimely.

Parties in a civil action in which the United States is not a party have thirty days following entry of judgment in which to file a notice of appeal. Fed. R. App. P. 4(a)(1)(A). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." Bowles v. Russell, 551 U.S. 205, 214 (2007); see United States v. Urutyan, 564 F.3d 679, 685 (4th Cir. 2009) (discussing Bowles and the appeal periods under Fed. R. App. P. 4(a)).

Alexander's notice of appeal, filed more than thirty days after the district court entered its order granting summary judgment, was untimely as to that order. Moreover, we find that Alexander's motion for reconsideration, which was filed more than twenty-eight days after the district court's order granting the motion for summary judgment, did not toll the time for filing a notice of appeal of the underlying order because it was not a timely-filed Rule 59(e) motion. See Panhorst v. United States, 241 F.3d 367, 369-73 (4th Cir. 2001) (noting mandatory

2

nature of Rule 59 time limits).  Thus, as to the order granting summary judgment, we grant the motion to dismiss.

Alexander' notice of appeal was, however, timely as to the district court's order denying her motion for reconsideration.  Thus, we decline Appellees' request to dismiss the appeal as to that order.  Upon review of the record, we conclude that the district court did not abuse its discretion in denying relief pursuant to either Rule 59(e) or Rule 60(b).  See Robinson v. Wix Filtration Corp., 599 F.3d 403, 407 (4th Cir. 2010) (standard of review for Rule 59(e)); MLC Auto., LLC v. Town of S. Pines, 532 F.3d 269, 277 (4th Cir. 2008) (standard of review for Rule 60(b)).  Thus, we affirm the district court's denial of Alexander's motion for reconsideration.

In sum, we dismiss Alexander's appeal of the district court's order granting summary judgment against Alexander and affirm the district court's denial of Alexander's motion for reconsideration.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED IN PART;
AFFIRMED IN PART

3