**UNPUGLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 14-6119

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CRAIG PHILLIPS,

Defendant - Appellant.

No. 14-6285

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CRAIG PHILLIPS,

Defendant - Appellant.

Appeals from the United States District Court for the Eastern District of Virginia, at Norfolk. Rebecca Beach Smith, Chief District Judge. (2:12-cr-00037-RBS-DEM-2; 2:13-cv-00501-RBS)

Submitted: May 29, 2014          Decided: June 3, 2014

Before SHEDD, WYNN, and THACKER, Circuit Judges.

No. 14-6119, dismissed; No. 14-6285, affirmed by unpublished per curiam opinion.

———————————

Craig Phillips, Appellant Pro Se.  Randy Carl Stoker, Assistant United States Attorney, Norfolk, Virginia, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In these consolidated appeals, Craig Phillips seeks to challenge the order of judgment denying relief on his 28 U.S.C. § 2255 motion (No. 14-6119), and a postjudgment order ruling on his motion to clarify (No. 14-6285). We dismiss the appeal in No. 14-6119 for lack of jurisdiction because the notice of appeal was not timely filed, and affirm the contested order in No. 14-6285.

When the United States or its officer or agency is a party, the notice of appeal must be filed no more than sixty days after the entry of the district court's final judgment or order, Fed. R. App. P. 4(a)(1)(B), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." Bowles v. Russell, 551 U.S. 205, 214 (2007).

The district court's judgment was entered on the docket on September 27, 2013, and the notice of appeal was filed on December 30, 2013.[*] Phillips' untimely Fed. R. Civ. P. 59(e)

---

[*] For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date it could have been properly delivered to prison officials for mailing to the court. Fed. R. App. P. 4(c); Houston v. Lack, 487 U.S. 266 (1988).

motion to alter or amend did not "defer the time for filing an appeal." Panhorst v. United States, 241 F.3d 367, 370 (4th Cir. 2001); see Fed. R. App. P. 4(a)(4). Because Phillips failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we lack jurisdiction to review the judgment and dismiss the appeal in No. 14-6119.

In No. 14-6285, Phillips appeals the district court's denial of his motion to clarify a postjudgment order. On appeal, we confine our review to the issues raised in the Appellant's brief. See 4th Cir. R. 34(b). Because Phillips' informal brief does not challenge the basis for the district court's disposition, Phillips has forfeited appellate review of this order, and we therefore affirm it.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

No. 14-6119, DISMISSED;
No. 14-6285, AFFIRMED

4