**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-7541**

PHILLIP S. WOHLFORD; KEVIN M. BALLANCE,

Plaintiffs - Appellants,

v.

MELVIN DAVIS; C. CRUMPLER; MARION; NAFF; ZOOK; MAYO; SIMS; EVANS; JOHN DOE/SPENCER; A. DAVID ROBINSON, Operational Correction Manager; HAROLD CLARKE, Director of the VADOC,

Defendants - Appellees.

Appeal from the United States District Court for the Western District of Virginia, at Roanoke. Glen E. Conrad, Senior District Judge. (7:18-cv-00224-GEC-PMS)

Submitted: August 31, 2020               Decided: September 16, 2020

Before WILKINSON, NIEMEYER, and DIAZ, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Phillip S. Wohlford, Kevin M. Ballance, Appellants Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kevin M. Ballance and Philip S. Wohlford seek to appeal the district court's order dismissing some of their claims and severing and transferring the remainder to a different venue. We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

In civil cases, parties have 30 days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

The district court entered the challenged order on March 20, 2019. Ballance filed the notice of appeal on October 15, 2019. *See Houston v. Lack*, 487 U.S. 266, 276 (1988) (holding that prisoner's legal materials are deemed filed date they are deposited with prison officials for mailing). Because Ballance and Wohlford failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss the appeal.[*] We further deny their motions for an evidentiary hearing, injunctive relief pending appeal,

---

[*] To the extent that Ballance claims he filed a motion for reconsideration on April 18, 2019, that motion would not have tolled the time to file an appeal because it would have been filed 29 days after the district court's order was entered. *See* Fed. R. App. P. 4(a)(4)(A)(vi) (tolling appeal period if party filed Fed. R. Civ. P. 60 motion within 28 days); *see also* Fed. R. Civ. P. 59(e) (providing 28 days to file motion to alter or amend judgment); *Panhorst v. United States*, 241 F.3d 367, 370 (4th Cir. 2001) ("[A]n untimely Rule 59 motion does not defer the time for filing an appeal").

and to compel discovery. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*