**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 20-1891**

─────────────

EDWARD J. DANIAL,

        Plaintiff - Appellant,

    v.

MORGAN STATE UNIVERSITY,

        Defendant - Appellee.

─────────────

Appeal from the United States District Court for the District of Maryland, at Baltimore. Catherine C. Blake, Senior District Judge. (1:17-cv-00959-CCB)

─────────────

Submitted: September 14, 2021                Decided: October 1, 2021

─────────────

Before WILKINSON, THACKER, and QUATTLEBAUM, Circuit Judges.

─────────────

Dismissed in part, affirmed in part by unpublished per curiam opinion.

─────────────

Edward J. Danial, Appellant Pro Se. Christopher Bowie Lord, OFFICE OF THE ATTORNEY GENERAL OF MARYLAND, Baltimore, Maryland, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Edward J. Danial appeals the district court's orders granting Morgan State University's ("MSU") motion for summary judgment in his action filed pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e to 20000e-17, and a subsequent order denying Danial's motion for reconsideration. MSU moves to dismiss the appeal as untimely. We grant the motion in part, dismiss in part, and affirm in part.

In civil cases, parties have 30 days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007). A timely filed Fed. R. Civ. P. 59(e) motion stays the appeal period until after the motion is resolved. The time to appeal runs from the entry of the order resolving the Rule 59(e) motion. Fed. R. App. P. 4(a)(4)(A)(iv).

A Rule 59(e) motion must be filed within 28 days after entry of the district court's judgment. Fed. R. Civ. P. 59(b). "An *untimely* Rule 59(e) motion does not defer the time for filing an appeal, which continues to run from the entry of the initial judgment or order." *Panhorst v. United States*, 241 F.3d 367, 370 (4th Cir. 2001). The district court cannot extend the time to file a Rule 59(e) motion. Fed. R. Civ. P. 6(b)(2). The district court, however, can consider a motion for reconsideration pursuant to Fed. R. Civ. P. 60(b) if the motion was filed within a reasonable time. Fed. R. Civ. P. 60(c)(1).

2

The district court granted MSU's motion for summary judgment on November 15, 2019, and granted Danial's motion for extension of time to file a motion for reconsideration until December 28, 2019. Danial filed his motion for reconsideration on December 30, 2019. Danial did not specify under which rule he sought to file his motion for reconsideration, and, in any event, the district court could not extend the time to file a motion for reconsideration under Rule 59(e). Because Danial did not file his motion for reconsideration within 28 days after entry of the district court's judgment, the district court properly construed Danial's motion for reconsideration as a request for relief pursuant to Rule 60(b).

It was incumbent upon Danial to file his notice of appeal of the district court's November 15, 2019, order by December 16, 2019. Danial did not appeal this order, however, until December 30, 2020—over a year later. Because Danial failed to timely appeal the district court's November 15, 2019, order dismissing his action, and no intervening motion extended the appeal period, we grant MSU's motion to dismiss Danial's appeal for lack of jurisdiction as to that order. *See Aikens v. Ingram*, 652 F.3d 496, 501 (4th Cir. 2011) (en banc) (noting appeal of order denying Rule 60(b) motion does not bring up underlying judgment for review).

Danial's appeal is timely, however, with respect to the district court's order denying his Rule 60(b) motion for reconsideration. We review a district court's denial of motion for reconsideration for abuse of discretion. *See Aikens*, 652 F.3d at 501. We have reviewed the record and conclude that the district court did not abuse its discretion in denying

3

Danial's Rule 60(b) motion.  Accordingly, we deny MSU's motion to dismiss with regard to the district court's order denying reconsideration and affirm that order.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*