**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-2235**

MILDRED ANNE KINGHORN, As Trustee for the Mildred Anne Kinghorn Trust, Dated April 28, 2004,

        Plaintiff - Appellee,

    v.

CLEA EFTHIMIADIS,

        Defendant - Appellant,

    and

GEORGE SAKAKINI, Defendant,

        Defendant.

Appeal from the United States District Court for the District of South Carolina, at Beaufort. David C. Norton, District Judge. (9:16-cv-03108-DCN)

Submitted: February 28, 2018           Decided: March 14, 2018

Before MOTZ, DUNCAN, and DIAZ, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Clea Efthimiadis, Appellant Pro Se. Charles Scott Graber, GRABER & BALDWIN, Beaufort, South Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Clea Efthimiadis seeks to appeal the district court's order affirming the magistrate judge's report and recommendation, granting Plaintiff's motion to amend complaint, and remanding to state court a removed action for trespass and conspiracy. We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.[*]

"[W]e have an independent obligation to verify the existence of appellate jurisdiction." *Porter v. Zook*, 803 F.3d 694, 696 (4th Cir. 2015) (internal quotation marks omitted). Parties are accorded 30 days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

When a party files a timely Fed. R. Civ. P. 59 motion before filing a notice of appeal, the time to file an appeal runs from the entry of the order resolving the Rule 59 motion. Fed. R. App. P. 4(a)(4)(A)(iv). A Rule 59(e) motion must be filed within 28 days after entry of the district court's judgment. Fed. R. Civ. P. 59(e). "[A]n untimely Rule 59 motion cannot defer the time for filing a notice of appeal." *Panhorst v. United States*, 241 F.3d 367, 370 (4th Cir. 2001). A Fed. R. Civ. P. 60 motion also suspends the appeal period

---

[*] Although the notice of appeal would be timely as to the order denying the motion for reconsideration, Efthimiadis' notice of appeal and informal brief only seek review of the district court's August 4, 2017, order. Efthimiadis has thus waived review of the order denying the motion for reconsideration. *See* Fed. R. App. P. 3(c)(1)(B); 4th Cir. R. 34(b).

until resolution of the motion, but only "if the motion is filed no later than 28 days after the judgment is entered." Fed. R. App. P. 4(a)(4)(A)(vi). A district court cannot extend the time to file a Rule 59(e) or a Rule 60(b) motion. Fed. R. Civ. P. 6(b)(2).

Here, the district court entered its dismissal order on August 4, 2017. The 28-day time period for filing a timely Rule 59(e) or a Rule 60(b) motion that would have tolled the time for filing a notice of appeal expired on Friday, September 1, 2017. Efthimiadis filed her Rule 59(e) and Rule 60(b) motion for reconsideration 32 days after judgment, on September 5, 2017. This motion did not toll the time for filing an appeal. *See* Fed. R. App. P. 4(a)(4)(A)(iv), (vi); *Panhorst*, 241 F.3d at 370. Efthimiadis filed her notice of appeal on October 20, 2017—well over 60 days after the district court's August 4, 2017, entry of judgment.

Because Efthimiadis failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED*